UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ERIC JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | 1:08-cv-1488-WTL-TAB |
|  | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Defendant. | ) |  |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION
FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff's application for attorney's fees under the Equal Access to Justice Act. [Docket No. 33.] Plaintiff seeks $4,033.36 in attorney's fees and $350 in costs for prevailing against the government in this social security disability case.

The EAJA requires the Court to award attorney's fees and costs to parties prevailing against the government unless the Court determines that the government's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner opposes Plaintiff's fee request on the grounds that his position was substantially justified and Plaintiff's requested fees are unreasonable.

"In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner has the burden of proving substantial justification for his positions both before and during litigation. *Id.* In this case, the Commissioner advances only the following sentence in support of his litigation position:

Defendant submits, however, that the ALJ's decision that Plaintiff was not

> disabled and the Commissioner's litigation position with respect to that decision
> were substantially justified sufficient to defeat Plaintiff's EAJA Motion.

[Docket No. 35 at 3.] This unsupported assertion is insufficient to meet the Commissioner's burden of proving that his litigation position was substantially justified. An award of fees is therefore appropriate.

Plaintiff requests $4,033.36 in fees and $350 in costs. [Docket No. 34 at 8.] The Commissioner does not oppose Plaintiff's claimed costs but challenges the reasonableness of Plaintiff's requested fees. [Docket No. 35 at 3.] Specifically, the Commissioner argues that Plaintiff's counsel did not exercise proper billing judgment by including entries for his "[a]ttempt to locate client" and filing the complaint and associated forms. [*Id.*] The Commissioner concludes that "Plaintiff ought to be awarded fees for considerably fewer hours than requested, and at a lower hourly rate than requested to reflect counsel's apparent lack of billing judgment." [Docket No. 35 at 4.]

A review of Plaintiff's time records shows that Plaintiff's claimed fees are largely reasonable. Time billed for attempting to locate Plaintiff was only a fragment of the two hours spent preparing the complaint and related documents, and it is not unreasonable that counsel might require minimal time to locate a client who has alleged mental health issues. Likewise, the hour billed for filing the complaint and necessary forms is not unreasonable. However, counsel claims one-tenth of an hour for docketing Plaintiff's brief on February 26, 2009. Because nothing was docketed on that date, the Court will not award fees ($17.23) for that item.

The Magistrate Judge therefore recommends that Plaintiff's motion for fees [Docket No. 33] be granted in part and that Plaintiff be awarded $4,016.13 in fees and $350 in costs. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in

accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 03/22/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Steven R. Jacobs
Thomas E. Kieper
Eric E. Schnaufer